**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| EN FUEGO TOBACCO SHOP LLC, doing business as En Fuego Tobacco Shop; CUBA LIBRE ENTERPRISES LLC, doing business as El Cubano Cigars; TEXAS CIGAR MERCHANTS ASSOCIATION,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX AZAR II, in his official capacity as Secretary of Health and Human Services; and SCOTT GOTTLIEB, M.D., in his official capacity as Commissioner of Food and Drugs,<br><br>    Defendants. | Civil Action No. 4:18-cv-00028-ALM-KPJ |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On May 15, 2018, the United States District Court for the District of Columbia issued an opinion in *Cigar Association of America v. Food and Drug Administration*, No. 1:16-cv-01460 (D.D.C. May 15, 2018) (Ex. A). The court in Washington rejected the particular arguments that the trade association plaintiffs in that case had brought against the FDA warnings scheme. Plaintiffs here—anchored by Texas businesses that exclusively make and sell premium cigars—believe that the court in Washington, D.C. made several critical errors, which Plaintiffs will explain in the event the Government seeks to use that decision as persuasive authority. But the Washington court's opinion starkly illustrates the differences between the two cases and establishes that judicial efficiency would not be served by transferring this matter to Washington.

1

First, the Washington court rightly decried the "grossly unfair exercise of agency authority" that accompanies requiring premium cigar manufacturers and retailers to spend millions redesigning packages, while the agency opens a new rulemaking process seeking information about whether the Rule and its required warnings are appropriate for premium cigars.  Ex. A at 46.  According to the Washington court, "[r]equiring the premium cigar industry to incur substantial compliance costs while the agency comprehensively reassesses the wisdom of regulation, *before* the warnings requirements go into effect, smacks of basic unfairness."  *Id.* at 47.  But the Washington court held that there was no claim currently before it to address this plain problem, as the Washington case involved all types of cigars and the claims currently being pressed in Washington did not involve whether premium cigars should be exempted from regulation.  *Id.* at 48–49.

By contrast to the Washington court's observation regarding the scope of the case before it, whether premium cigars should have been treated differently with regard to the warnings is unambiguously the precise question posed to this Court.  The Complaint here argues that the warnings requirement is "arbitrary and capricious" and thus violates the Administrative Procedure Act because it "treat[s] premium cigars exactly the same as mass-produced cigars and cigarettes" and the FDA insists on enforcing the warnings while still studying whether they make sense for premium cigars in particular in its new rulemaking.  Am. Compl., Dkt. #20 at ¶¶ 121, 124.  The agency's failure to treat premium cigars differently from other cigars and to exempt premium cigars from the warnings requirement is also discussed at length in Plaintiffs' Motion for Partial Summary Judgment or, in the Alternative, for a Preliminary Injunction.  *See* Dkt. #22 at pp. 24–26, 35–38.  This case provides the vehicle—which the court did not believe was

present in Washington—to address the arbitrary unfairness of forcing labels on premium cigars while conducting a massive study as to whether they should be regulated at all.

Second, the Washington court held that a challenge to the FDA's warning plan scheme, under which a retailer must submit an application to the FDA and wait for a year or more before advertising to consumers, was not before the court. Ex. A at 44–45. By contrast, Plaintiffs here squarely present the argument that the warnings plan requirement is an unconstitutional prior restraint that violates the First Amendment. Am. Compl., Dkt. #20 at ¶¶ 97–107; Mot. for Partial Summary Judgment and Preliminary Injunction, Dkt. #22 at pp. 33–35. This is another claim where the court in Washington will bring no enhanced efficiency to resolving the merits.

Third, the Washington court did not engage in any analysis of whether the government "provide[d] evidence of [the warnings'] effectiveness," holding that "such evidentiary parsing is hardly necessary." Ex. A at 39. The Washington court determined that it need not evaluate the evidence the FDA had marshalled regarding the need for and effect of warnings on cigar use because the plaintiffs in Washington had not argued that the content of the warnings was not "purely factual and uncontroversial." As a result, the Washington court held, the "relaxed scrutiny" for routine commercial disclosures set forth by the Supreme Court in *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626 (1985), applied to the Washington plaintiffs' First Amendment claim. Ex. A at 29–30. By contrast, Plaintiffs here squarely seek a ruling from this Court that the warnings are not "purely factual and uncontroversial" based on clear studies regarding premium cigar usage patterns published by FDA scientists. Dkt. #20 at ¶¶ 9, 12–13, 54–56, 64–72, 86–96; Dkt. #22 at pp. 14–19. To resolve that claim, the Court will have to analyze the extensive scientific evidence regarding the accuracy of the warnings as applied to premium cigars and, depending on the outcome of that

inquiry, to evaluate the FDA's scientific evidence as to whether the warnings are needed to reduce the use of premium cigars. This will be the main task of the present case, and it is work that the Washington court has not done. There is no efficiency in transferring this case to Washington for that court to confront factual and legal inquiries it has not previously addressed.

Moreover, Fifth Circuit law does not allow courts to avoid a serious review of whether a warning is necessary, even if the more relaxed *Zauderer* standard for routine commercial disclosures were to apply. When the Fifth Circuit confronted a requirement for larger warnings on attorney advertising, it struck down the rule even though the Government provided evidence that consumers were not recalling the disclaimers in their existing form. *Pub. Citizen, Inc. v. La. Attorney Disciplinary Bd.*, 632 F.3d 212, 229 (5th Cir. 2011). According to the Court, government agencies need to do more than show that existing warnings are not working; they must show that bigger and more cumbersome warnings are needed to correct the problem: "This is evidence that Louisiana's previous disclaimer requirements were ineffective, but is not evidence that the specific requirements of [the rule] will effectively prevent consumer deception." *Id.* Plaintiffs here are entitled to a vindication of their constitutional rights under the law of the circuit where they reside and do business.

In sum, the Washington court has not addressed the major inquiries confronting this Court. Transferring this case to Washington—with its distinct claims put into even sharper relief by the Washington court's written opinion—will not promote judicial efficiency. The Court should deny the Government's motion to transfer and order the Government to respond on an expedited basis to Plaintiffs' Motion for Partial Summary Judgment or, in the Alternative, a Preliminary Injunction. Requiring the Government's response to that motion is necessary so that the Court may have a chance of resolving this vital constitutional issue and "render[ing] a

meaningful decision on the merits" before the warnings go into effect on August 10, 2018. *Nevada v. U.S. Dep't of Labor*, 218 F. Supp. 3d 520, 533 (E.D. Tex. 2016) (Mazzant, J.).

Dated: May 16, 2018

Respectfully submitted,

*/s/ Clyde M. Siebman*
SIEBMAN FORREST BURG & SMITH, LLP
Clyde M. Siebman
Texas Bar No. 18341600
clydesiebman@siebman.com
Elizabeth S. Forrest
Texas Bar No. 24086207
elizabethforrest@siebman.com
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Telephone: (903) 870-0070
Facsimile: (903) 870-0066

NORTON ROSE FULBRIGHT US LLP
Michael J. Edney
D.C. Bar No. 492024
michael.edney@nortonrosefulbright.com
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0200
Fax: (202) 662-4643

Ryan E. Meltzer
Texas Bar No. 24092821
ryan.meltzer@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 536-5234
Facsimile: (512) 536-4598

*Counsel for Plaintiffs En Fuego Tobacco Shop LLC, Cuba Libre Enterprises LLC, and Texas Cigar Merchants Association*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of May, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

SIEBMAN FORREST BURG & SMITH, LLP

By: */s/ Clyde M. Siebman*